HENRY WEISER *vs.* ABRAHAM BOYS, Sheriff, PHILIP PLUN-
KETT et al.

A woman may by an ante-nuptial contract, secure her own property against her hus-
band's debts; but after acquired property, though the proceeds of the property so
secured, and of her own labor, belongs to the husband.
*Quere.* If such property can he secured to the wife?

THIS was an action of replevin for a pipe of gin; half pipe of wine;
pipe of brandy and other liquors, seized and taken in execution as
the property of Lewis Heerz, (or Hart,) by Boys, the sheriff, at the
suit of Plunkett and the other defendants.

The property was claimed by plaintiff as the trustee of Christine,
the wife of Lewis Heerz, under a marriage contract transferring all
her personal property (per schedule) to Weiser, in trust for the sepa-
rate use of the said Christine for life, as if she were sole, so that the
same should not be subject to the debts or contracts of her intended
husband. It appeared by the evidence that when this contract was
made, Christine Kercher was in the possession of the property, be-
ing a hotel and fixtures in the city of Wilmington, a schedule of
which was appended to the deed, comprising household furniture, li-
quors, including a pipe of gin and of brandy and half pipe of wine,
casks, and other appendages of a public house. After the marriage
with Heerz, (who had no property,) the establishment was kept up
and the same business continued, Mrs. Heerz being the active per-
son in the establishment and doing most, but not all of the buying
and selling for the bar. The house was licensed in the husband's
name. Heerz bought and sold occasionally, but not often, being
much from home, and in Europe. The wife frequently made bills
in her own name; sometimes articles bought by her were charged
to the husband. When at home he managed the property acquired
by the marriage, as his own, and made large building and other
contracts in his own name; the tavern business he left principally to
her management. The bills for the liquors replevied were made out
in the name of Weiser, as trustee for Christine Heerz, and ordered
by her. Weiser did not reside in the State.

The plea was property in Lewis Heerz, and that the goods were
taken by the sheriff under a domestic attachment at the suit of Plun-
kett and others against him.

The question was whether this property was protected by the
marriage contract, from the debts of the husband Heerz, (commonly
called *Hart.*)

*Whitely,* to the jury, insisted that Lewis Heerz, after holding himself out to the public as proprietor of this hotel for many years, buying and selling on credit, ought not to be permitted to answer the demands of his creditors under a pretence that his property belonged to Weiser, as a trustee of his wife.

The deed of trust when valid, must be strictly followed. Mrs. Heerz had no authority under this deed to act for herself; when she acts it is for her husband; what she does under the trust deed must be done by her trustee, Weiser. And for the property, even that mentioned in the schedule, if it never went into the possession of the trustee, but remained in the possession of the wife or husband, who used them as his, it is not protected by the marriage contract. (2 *Tidd's Prac.* 1049; 3 *Durf. & East* 618.)

He said it was not necessary to show that L. Heerz bought this identical liquor; but if he was in possession of that tavern as the landlord or owner, so acting and so recognized, the possession was sufficient evidence that it is his property.

*Wales,* for plaintiff.—It is competent for persons previous to a marriage to enter into a contract that all the wife's property, personal as well as real, shall be settled upon her, and not subject to her husband's debts. And it does not matter whether the property goes into the trustee's possession or remains in the possession of the wife. The property remains secured to her by the deed, subject to her control and disposition and no other person's.

Then how is the property now in dispute to be considered? Did Lewis Heerz buy or pay for it? On the contrary, we have shown that it was bought by Mrs. Heerz, and the bills all made out in her name. The agreement makes Mrs. Heerz separate and distinct from her husband in respect of her property. Her possession is all along consistent with that of her husband.

*Whitely,* in reply.—The possession of this property by Lewis Heerz was inconsistent with the deed of trust, and makes it liable to the husband's debts. If the wife, being an innkeeper at the time of the marriage contract, continued her own business separate from the husband and entirely distinct from him, her property might not be liable to the husband's debts; but carrying her property into the husband's business and into his possession and use in the course of his business, it is no longer protected by the marriage contract, but is the husband's property and to be treated as such.

*The Court:*

BOOTH, *Chief Justice.*—By the law of the land husband and wife

are considered as one. Her existence, in a legal sense, is merged in his. She acts with him and for him, and has no authority or will of her own. It is the policy of the law to regard the husband as the head of the wife, keeping her out of view as much as possible, and presenting him as the only responsible member of the family. Nevertheless, a woman may, before marriage, with the approbation of the husband, and by the intervention of a trustee, make a valid assignment of her property, which will vest it in the trustee and protect it from the debts of a husband. And this is not inconsistent with the principles before mentioned, for the property is changed by the act of the woman before marriage, and is valid as against the husband by his own assent; otherwise it would be fraudulent and void.

In relation to the scheduled property therefore, or such property as is expressly covered by the ante-nuptial contract, it would be protected against the husband's debts; but it is different as to after acquired property, even the proceeds of the wife's labor; which the contract does not embrace. This contract, making no provision in relation to the proceeds or products of the scheduled property, covers only the property in the schedule mentioned. If that were levied on for the debts of the husband, the contract would protect it. And possibly the increase or avails of property so secured for the separate use of the wife, and employed by the terms of the contract in the separate and distinct business of the wife might be protected. Of this we give no opinion. If it can be so it ought to be regulated by law to prevent frauds on creditors or others. But it is apparent from this deed that there was no intention to provide for the carrying on of a distinct business by the wife, as agent of the trustee, and with the trust property; nor does it appear that she did carry on such business; on the contrary, her husband took out the license and kept the house in his own name, and held himself out to the world as the proprietor. And as to the services of the wife there, and the prominence she held in the establishment, these are all consistent with her husband's keeping the house, for she acts as his servant. So in relation to purchases made, even when the bills are made out in her own name. There is no evidence that these purchases were made with the trust funds, or otherwise than with her husband's funds, and by his command. He, at all events, would be responsible for them; being bought for and consumed in his house, and about his business.          Verdict for defendants $420.

*Wales,* for plaintiff.

*Whitely,* for defendants.